IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOSEPH FRANCIS REYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-00541-CV-RK |
| | ) | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION; | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis* 239 F.3d at 966.) The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d

549, 555 (8th Cir. 2003)).  The Court must "defer heavily to the findings and conclusions of the [ALJ]."  *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: Crohn's Disease; degenerative disc disease; degenerative joint disease, right shoulder; migraine; and irritable bowel syndrome.  The ALJ also determined that Plaintiff has the following non-severe impairments:  hyperlipidemia, essential hypertension, obesity, obstructive sleep apnea, tinnitus, carpal tunnel syndrome, gastroesophageal reflux disease, depression, and anxiety.  However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing").  Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) except he can lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours of an 8 hour workday; stand/walk 6 hours of an 8 hour workday; never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; frequently reach overhead with the dominant upper extremity; must avoid concentrated exposure to extreme cold, heat, fumes, odors, gases, and poor ventilation; and can tolerate moderate noise.  The ALJ found that Plaintiff is able to perform past relevant work as a recruiter as it is generally performed (DOT 166.267-010), which is sedentary work.  The ALJ found this work does not require the performance of work-related activities precluded by the claimant's RFC.

On appeal, the Plaintiff argues the ALJ erred by failing to consider the combination of Plaintiff's physical and mental impairments, failing to properly consider the combined effect of all impairments in assessing Plaintiff's RFC, and by finding at Step 4 that Plaintiff was capable of performing work as a civilian employment interviewer when Plaintiff was a military recruiter. These arguments are without merit, and the Court will address each in turn.

**I.      The ALJ Properly Considered the Combination of Plaintiff's Physical and Mental Limitations**

At the second step of the sequential evaluation, the ALJ must determine whether the claimant has a "severe" impairment that lasted, or is expected to last, for at least twelve months. *See* 20 C.F.R. § 404.1509 (describing durational requirements); 404.1520(a)(4)(ii) (describing step two).  An impairment is severe if it imposes more than a minimal limitation on the claimant's

2

ability to function. 20 C.F.R. §§ 404.1521(a), 416.921(a); SSR 96-3p. If the claimant has a severe impairment, the ALJ proceeds to step three of the sequential evaluation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If not, then the ALJ must find claimant not disabled. *Id.* "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard, and [courts] have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing." *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

Here, Plaintiff argues the ALJ erred by failing to list his mental impairments, namely depression and anxiety, as severe. Plaintiff points to the notes of Dr. Cole which diagnosed Plaintiff with major depressive disorder and anxiety disorder. (Tr. 978-996.) While this Court has held that a diagnosis of major depressive disorder should usually be classified as a severe impairment, *Bass v. Comm'r of SSA,* No. 6:18-03356-CV-RK, 2020 WL 703986, *3 (W.D. Mo. Feb. 12, 2020), this case is distinguishable on several grounds. First, the diagnoses of major depressive disorder in this case occurred before the alleged onset date. A review of the record reveals no diagnosis of major depression after the alleged onset date of September 27, 2016. In fact, notes from Dr. Cole on May 31, 2018, show no diagnosis of major depressive disorder. (Tr. 994-95.) Second, Plaintiff's mental condition continued to improve after treatment and medication even before the alleged onset date. (Tr. 311, 498-99). Third, Plaintiff's mental impairments seemed to revolve around situational stressors such as being medically discharged from the Navy. (*See e.g.*, Tr. 978). When mental impairments are caused by situational stressors, an ALJ can find them not severe. *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010); *Tindell v. Barnhart*, 444 F.3d 1002, 1006-07 (8th Cir. 2006). Fourth, Plaintiff testified his mental state had improved, he received help from a support group, and he no longer took medication to address his mental symptoms. (Tr. 47-48, 53-55); *see Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (the ALJ may properly weigh conservative treatment as a factor tending to disprove claimant's claims.).

Finally, as long as the ALJ finds at least one severe impairment, she must proceed with the sequential evaluation and consider all impairments when determining the RFC. 20 C.F.R. § 404.1545(a)(2). Even if Plaintiff's mental conditions were severe, automatic reversal is not required. *Rouse v. Berryhill*, No. 4:17 CV 2511 DDN, 2019 WL 13529384, at *5 (E.D. Mo. 2019) ("[m]ore recent cases . . . have tended to hold the ALJ's failure to list all the severe impairments at Step Two is harmless"). Here, unlike in *Bass*, the ALJ adequately discussed Plaintiff's

3

conditions throughout the sequential evaluation, including Plaintiff's depression and anxiety, and gave sufficient reasons for her decision. Therefore, the ALJ did not err in considering the combination of Plaintiff's physical and mental impairments or in finding his mental impairments to be not severe.

II. **The ALJ Properly Considered the Combined Effect of All Impairments in Assessing Plaintiff's RFC**

A claimant's RFC is the most he can do despite the combined effects of his limitations. 20 C.F.R. § 404.1545. It is the claimant's burden to prove his RFC, and the ALJ must determine the RFC based on all relevant evidence in the record. *Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016); *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). An RFC is an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016).

Plaintiff specifically argues the ALJ erred in assessing Plaintiff's fecal urgency as a consequence of his Crohn's disease and failing to acknowledge the severe impact Plaintiff's mental impairments had on his ability to function in the workplace. Regarding Plaintiff's Crohn's disease, and the complications resulting from it, the ALJ found Plaintiff's condition generally stable and well-controlled. (Tr. 16.) Notably, in reaching this conclusion, the ALJ considered Plaintiff's symptoms including diarrhea, rectal bleeding, and numerous daily bowel movements. (*Id.*) However, the ALJ noted that Plaintiff's Crohn's disease was assessed as stable or in remission. (Tr. 16, 411, 955.) This finding is consistent with the record, which noted that Plaintiff presented with no signs of active Crohn's symptoms. (Tr. 16, 405, 408, 417, 419, 1024, 1047.)

Regarding Plaintiff's Crohn's disease and mental impairments, Plaintiff's daily activities, noted by the ALJ, also undermine his claims of disabling impairment. For instance, Plaintiff performed daily activities such as taking care of children, doing chores around the house, grocery shopping, and attending doctor appointments. He also was enrolled in college classes, in which he worked online up to ten hours a day, every day. (Tr. 15, 18, 39, 49-50, 242-47, 251.) While these activities alone do not prove Plaintiff is able to work, this evidence is consistent with the Plaintiff's capacity to perform work-related tasks. *See Julin v.* Colvin, 826 F.3d 1082, 1087 (8th Cir. 2016) (Plaintiff's ability to prepare two-course meals, read, play internet games, leave her

apartment several times a week, visit family and friends a few times each year, and have dinner at a friend's house once or twice a month showed that she was capable of completing simple tasks, leaving her home, and interacting with others on at least a superficial level); *Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (claimant's admission that she could perform light housework, prepare meals, do laundry, and shop "undermine[d] her assertion of total disability"); 20 C.F.R. § 404.1529(c)(3)(i) (the ALJ must consider claimant's "daily activities" when evaluating symptoms). Thus, the ALJ's decision was supported by substantial evidence, and the ALJ did not err in determining Plaintiff's RFC.

**III.     The ALJ did not Err at Step 4 by Finding Plaintiff was Capable of Performing Past Relevant Work**

At Step 4 of the sequential analysis used in Social Security disability determinations, the ALJ is required to review the claimant's RFC. Thereafter, it is the duty of the ALJ to fully investigate and make explicit findings as to the physical and mental demands of a claimant's past relevant work. *See Kirby v. Sullivan*, 923 F.2d 1323, 1327 (8th Cir. 1991). The ALJ is then to compare those demands with what the claimant is capable of doing before determining whether or not claimant is able to perform his past relevant work. *Groeper v. Sullivan*, 932 F.2d 1234, 1238 (8th Cir. 1991); *Nimick v. Secretary of Health & Human Servs.*, 887 F.2d 864, 866 (8th Cir. 1989).

Here, Plaintiff argues the vocational expert mis-classified Plaintiff's past relevant work as a civilian employment interviewer, when in fact his prior work had been as a recruiter, military service. While the former job is classified as sedentary work, the latter job requires light exertion. Plaintiff then argues he performed his past relevant work at a medium exertional level. Plaintiff's arguments are without merit.

The ALJ found the Plaintiff had an RFC to perform light work. Thus, whether the past relevant work was classified as light or sedentary is irrelevant. 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can also do sedentary work unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."). Additionally, regardless of the specific level that Plaintiff performed his past work, the ALJ found that Plaintiff could do the job as generally performed, rather than the level of Plaintiff's past performance. Moreover, the vocational expert identified three other light exertional jobs that a person with Plaintiff's RFC could perform: hand packer, production assembler, and sub-assembler. (Tr. 65-66.) Therefore, the ALJ did not err in determining Plaintiff could perform past

5

relevant work, and even if there was error, the ALJ had a proper basis to conclude jobs existed which Plaintiff could perform.  *See Lubinski v. Sullivan*, 952 F.2d 214, 216 (8th Cir. 1991) (An error by the ALJ will be held harmless if the evidence is strong enough to support the outcome despite the lapse).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision for the reasons above and set forth in the Commissioner's brief.  Therefore, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  June 2, 2020

6

Case 4:19-cv-00541-RK   Document 9   Filed 06/02/20   Page 6 of 6